**Stanley D. LINGAR, Petitioner,**

v.

**Al LUEBBERS, Respondent.**

No. 01–1283.

United States Court of Appeals, Eighth Circuit.

Feb. 2, 2001.

---

Before WOLLMAN, Chief Judge, HEANEY and FAGG, Circuit Judges.

## JUDGMENT

Having considered the motions and application filed on behalf of Stanley D. Lingar, the court makes the following rulings. (1) Lingar's motion to authorize the filing of a successive habeas corpus petition is denied. (2) Lingar's application for stay of execution pending application of his motion for leave to file a successive habeas corpus petition is denied. (3) Lingar's motion for appointment of counsel is granted.

It is so ordered.

HEANEY, Circuit Judge, concurring and writing separately.

I have serious doubts as to whether Stanley D. Lingar is entitled to the relief that he seeks in this motion. I continue to believe strongly, however, that Lingar's counsel was ineffective in telling the jury in the sentencing phase of Lingar's trial that it could only consider statutory mitigating factors. As I stated previously in *Lingar v. Bowersox*, 176 F.3d 453, 462 (8th Cir.1999) (Heaney, J., dissenting):

> The jury could and should have been given the opportunity [to] consider all mitigating factors, including a history of sexual abuse, substance abuse, and blackouts; a mental evaluation revealing borderline mental retardation, acute paranoid and depressive disorders; expression of remorse; and indications that Lingar was a good candidate for rehabilitation. Lingar was clearly prejudiced by his counsel's failure to develop and present this evidence. There is no reasonable probability that a jury advised of these circumstances would have

imposed the death sentence on this 20–year-old, mentally retarded and mentally disturbed young man.

It is my hope that the United States Supreme Court, who now has this case pending before it on a petition for certiorari, will consider the whole record and give Lingar the relief he seeks, but for the reasons stated in my dissent in *Lingar*.

The mandate shall issue forthwith.